UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANS VICENTE,

Petitioner,

v.

JAMES BAUSCH, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; et al.*,

Respondents.

26-CV-01738-MAV

**ORDER TO SHOW CAUSE**

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 while being held as a civil immigration detainee at the Buffalo Federal Detention Facility. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). 28 U.S.C. § 2243 provides that "[a] court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." Accordingly, it is hereby

ORDERED that the Clerk of Court shall forthwith serve a copy of the Petition, ECF No. 1, and a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that if Respondents will be conceding that controlling precedent, either from the Second Circuit or this Court's own decisions, applies to Petitioner's case to warrant relief that Petitioner has affirmatively requested in their petition,

Respondents may submit a letter acknowledging the controlling precedent in lieu of a more exhaustive and fulsome response provided that their submission occurs **within 10 days** of the date upon which they receive service of the petition. Respondents shall supplement their letter with copies of any Notices to Appear served on Petitioner, any warrants to arrest Petitioner, any Notices of Custody Determinations (Form I-286) issued to Petitioner, Petitioner's I-213, any documents that reflect the statutory authority under which Petitioner was previously released from custody and the full terms and length of said release, and any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further

ORDERED that if Respondents either do not concede that controlling precedent, either from the Second Circuit or this Court's own decisions, applies to Petitioner's case and/or Respondents will be advocating solely for form(s) of relief that Petitioner has not affirmatively sought in their petition, Respondents shall submit a fulsome response to the petition **within 45 days** of the date upon which they receive service of the petition demonstrating why Petitioner's requested relief pursuant to 28 U.S.C. § 2241 should not be granted, including through citations to supporting authority and applicable sections of the Immigration and Nationality Act, supplemented by copies of any Notices to Appear served on Petitioner, any warrants to arrest Petitioner, any Notices of Custody Determinations (Form I-286) issued to Petitioner, Petitioner's I-213, any documents that reflect the statutory authority under which Petitioner was previously released from custody and the full terms and

length of said release, and any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further

ORDERED that Respondents shall ensure that their return to this Order to Show Cause also "certif[ies] the true cause of [Petitioner's] detention," 28 U.S.C. § 2243; and it is further

ORDERED that in those situations where Respondents submit a fulsome response to the petition, Petitioner may file a reply **within 15 days** of the date upon which Petitioner receives service of Respondents' response.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2254 Proceedings. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." The Court finds that expediting the hearing, should one be necessary, requires that Respondents temporarily refrain from transferring the Petitioner out of the Western District of New York. *See, e.g.*, *Bustamante Romero v. Bausch, et al.*, 1:26-CV-00803, ECF No. 25 (discussing postponement of an evidentiary hearing to facilitate Respondents' transfer of Petitioner back to the Western District of New York).

Additionally, the Second Circuit issued a decision in *Barbosa da Cunha* holding that 8 U.S.C. § 1226(a) governs the detention of a noncitizen who is present in the United States, having entered without inspection and admission, and not

apprehended at or near the border. Detention under this section is discretionary with bond eligibility. In so finding, the Second Circuit held that a noncitizen apprehended under these circumstances was not subject to mandatory detention under § 1225(b)(2). The Court recognizes the split amongst the Circuits as to what statutory basis for detention under the Immigration and Nationality Act applies to noncitizens in these circumstances. *See, e.g.*, *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). As a result, respondents acting within the Western District of New York to arrest, detain, and process noncitizens under the same circumstances, are bound to apply certain decided legal rulings as a matter of course—without an order from this Court—while respondents acting within certain other jurisdictions would not be. Thus, Petitioner's temporary continued presence in the Western District of New York (should the *Barbosa da Cunha* holding apply to the specific facts here) has the potential to expedite resolution of the petition by mooting relief requested, as Respondents necessarily follow Second Circuit law in their treatment of noncitizens during the pendency of this case.

Accordingly, to preserve the Court's jurisdiction over this habeas petition, and to expedite an evidentiary hearing, should one be needed, it is further

ORDERED that Respondents shall refrain from removing Petitioner from the United States while this case is pending. *See* 28 U.S.C. § 2243; 28 U.S.C. § 1651; *see*

*also Rumsfeld*, 542 U.S. at 441 n.14 (quoting *Ex Parte Endo*, 323 U.S. 283, 307 (1944) ("Th[e] objective [of habeas relief] may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court.")). Petitioner's voluntary departure from the United States would not violate this Order provided a record of Petitioner's voluntary departure is promptly filed. And it is further

ORDERED that Respondents shall temporarily refrain from transferring Petitioner outside of the Western District of New York until after the Court determines whether an evidentiary hearing is warranted. *See* 28 U.S.C. § 2243. If Respondents have already transferred Petitioner outside of the district, Respondents shall transfer Petitioner back to the Western District of New York **within 10 days** of this Order. Should Respondents contend that continued detention within the Western District of New York is not an "appropriate place[] of detention" for Petitioner, 8 U.S.C. § 1231(g)(1), they may file a motion, which the Court will consider in light of the important considerations discussed above.[1]

SO ORDERED.

Dated: August 19, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge

[1] The Court acknowledges that appropriate housing for female civil immigration detainees is limited nationally. Accordingly, if options for detaining female noncitizens does not presently exist within the Western District of New York, Respondents shall detain such petitioners at the facility closest to the Western District of New York and file a letter on the docket identifying that location.